UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TRAVIS SHANNON RODRIGUES,** | 3:12-CV-01673-BR |
| **Plaintiff,** | CASE-MANAGEMENT ORDER |
| v. | |
| **WASHINGTON COUNTY, ET AL.,** | |
| **Defendants.** | |

**BROWN, Judge.**

Case-management dates, deadlines, and procedures are set as follows:

•   Fact discovery is to be completed by September 16, 2013;

•   Motions to compel fact discovery shall be filed no later than August 28, 2013. Responses to motions to compel are due no later than seven (7) days after the initiating discovery motion was filed, and no replies are permitted;

•   Joint Statement of Agreed Facts due October 7, 2013;

•   Dispositive motions are due October 21, 2013; if cross-motions are being filed, they shall be filed as separate pleadings;

•   Updated Joint ADR report due October 21, 2013;

•   Proposed Pretrial order/jointly proposed Verdict form shall be filed by March 3, 2014;

•   Trial documents (as defined below) shall be filed no later than **Noon** on March 17, 2014;

•   Pretrial conference is set for March 27, 2014, at 9:00 a.m. in Courtroom 14A; and

•   Jury trial (3 days) is set to commence April 1, 2014, at 9:00 a.m. in Courtroom 14A.

The following guidelines apply throughout the pendency of this action:

**Discovery Disputes**

**1 - Case-Management Order**

Discovery shall be completed by the deadline set. Discovery disputes may be submitted to the Court no later than the deadline as follows:

a. **Informally**: by submitting to the Court via a joint email message to the Courtroom Deputy a concise statement of the dispute and the parties' position concerning it. Upon receipt of such an informal request, the Court will promptly schedule a telephone conference to resolve the dispute.

b. **Formally:** by filing a discovery motion no later than the deadline set. Any response to a discovery motion shall be filed within **7 calendar days**. No replies are permitted. The Court will attempt to resolve the dispute promptly on the record and without oral argument.

**Extension of Deadlines**

The Court established the deadlines in this Order based on the parties' preferences and availability as expressed in a R16 Conference held on March 29, 2013. The Court, therefore, expects the parties to meet all deadlines set herein. Any request for an extension of time must be made by motion (*no letter requests*) filed before expiration of the deadline. The motion must be supported by an affidavit in which the parties specifically state the reason(s) for the requested extension and advise how the parties have used the time set out in this Order. The Court, at its discretion, may set a hearing on the motion.

The Court requires a minimum of 120 days between the filing of any dispositive motions and the lodging of a pretrial order. Any requested extension that does not satisfy that requirement may result in denial of the motion or a change of the trial date. Any new trial date likely will be set "at the end of the line," and, therefore, any extension requiring the trial to be reset will be disfavored.

**2 - Case-Management Order**

**Motion Practice and Dispositive Motions**

This Court strictly construes the requirements of the Federal Rules of Civil Procedure and Local Rules (LR) for this District with regard to motion practice. Specifically, the Court will strike any motion that does not comply with the requirements of LR 7-1(a)(1). (*NOTE*: A LR 7-1 certification is required for every motion except a temporary restraining order (TRO) and must be set forth in the *first* paragraph of every motion.) Pursuant to LR 7-1(b), a motion may not be combined with any other motion or a response or a reply to any motion. In addition, each motion requires a separate memorandum in support of the motion, and each motion requires a separate response. Adherence to page limitations is required.

Before the filing of any dispositive motion, the parties jointly must complete and file the "Agreed Facts" section that is a standard part of any pretrial order and include therein all material, undisputed facts necessary to the resolution of the case. Those agreed facts will serve as the basic evidentiary record for any dispositive motion. To the extent there are additional but disputed material facts that a moving or opposing party wishes to include in the record for purposes of a dispositive motion, they may do so by any admissible means; *e.g.,* by Declaration or other admissible evidence. *See Orr v. Bank of Am.*, 284 F.3d 764 (9th Cir. 2002). Thus, any disputed facts set out in memoranda must be supported by citations to the record, and any disputed facts supported in the evidentiary record will be deemed admitted if they are not contradicted by admissible evidence. If issues remain for trial after a dispositive motion is resolved, the parties then will complete the remaining parts of a proposed pretrial order.

All pleadings, including declarations, affidavits, etc., that pertain to a motion, response, or reply are due on the same date as that pleading. Parties must obtain leave of Court to file any

3 - Case-Management Order

accompanying documents after the deadline.

The title of responses, replies, objections, etc., shall reflect the exact title of the underlying motion.  *See* LR 7-3.

### **Trial Documents**

To meet the Court's requirements of submitting *joint* trial documents, counsel shall exchange exhibits and witness statements in ample time to confer, to reach agreement, and to prepare the following trial documents:

- Trial memoranda

- Motions in limine

- Joint (*i.e.*, agreed on) proposed jury instructions and verdict form shall be filed in CM/ECF and pusuant to LR 51(d)(2), simultaneously submitted in **Wordperfect** format to BRpropdoc@ord.uscourts.gov

- Joint (*i.e.*, agreed on) proposed voir dire questions

- Joint witness list identifying all proposed trial witnesses and indicating:

    a.  all witnesses whose testimony may be received without objection together with a concise summary of the testimony the witness is expected to offer and

    b.  all other witness testimony that will be the subject of objection together with a concise summary of the testimony the witness is expected to offer, including the challenged testimony; a one-line statement of the admissible purposes for which that challenged testimony is proffered; and a one-line summary statement of the bases for all objections to that proffered testimony.

- Joint exhibit list identifying all proposed trial exhibits and indicating:

**4 - Case-Management Order**

   a.  all exhibits that may be received without objection and

   b.   all remaining exhibits to be offered by any party together with a one-line summary statement of the admissible purposes for which the challenged exhibit is proffered and a one-line summary statement of the bases for all objections to any proffered exhibit.

Copies of **contested exhibits** must be attached by the offering party to the Judge's copy of the proposed exhibit list. Contested exhibits should be indexed, tabbed, and three-hole punched down the left side. If there are numerous contested exhibits, they shall placed in a binder clearly marked as Plaintiff or Defendant's exhibits. Plaintiff 's exhibits shall be numbered beginning with 1 through  99; Defendant's exhibits shall be numbered beginning with 101-199.  If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

  In trial memoranda or motions in limine, the parties may elaborate on the admissible purposes for any proffered evidence that is the subject of objection and the legal bases for objections to such evidence.

  To the extent feasible, the Court intends to rule on all objections at the pretrial conference and to admit into evidence at that time all exhibits that qualify.  Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

  Original trial exhibits shall not be filed with the Clerk. All exhibits that will be used at trial shall be indexed, tabbed, three-hole punched down the left side, and placed in a binder clearly marked on the outside of the binder whether they are Plaintiff or Defendant's exhibits. As noted, Plaintiff 's exhibits shall be numbered beginning with 1 through  99 and no subparts;

**5 - Case-Management Order**

Defendant's exhibits shall be numbered beginning with 101-199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

### Trial Procedures

The Court generally follows the *Trial Court Guidelines* published on the Court's website at www.ord.uscourts.gov. The parties also should refer to the Federal Bar Association's *Federal Court Practice Handbook* for more guidance on practice and procedures in this Court.

DATED this 1st day of April, 2013.

      /s/   Anna J. Brown
    ANNA J. BROWN
    United States District Judge